**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LINWOOD LAMONT JONES,**

        **Plaintiff,**

**v.**                                     **Civil Action No.  1:16cv212
                                            (Judge Keeley)**

**MR. J. FIKES,** individually and
official capacity**; Mr. M. WEAVER,**
individually and official capacity**;
DR. E. ANDERSON,** individually and
official capacity**; PA C. GHERKE**,
individually and official capacity aka
Gherky; **Dr. T. SAVAGE**, individually
and official capacity; **WARDEN R. A.
PERDUE**, individually and official
capacity,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on November 6, 2016, by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation.*[1] Plaintiff's complaint involves allegations regarding his medical care at FCI Gilmore for spinal stenosis.

Because Plaintiff did not file a Motion for Leave to Proceed *in forma pauperis*, or pay the $400 filing fee, the Clerk of Court sent him a Notice of Deficient Pleading. ECF No. 3. On December 12, 2016, Plaintiff paid the 400 filing fee. ECF No. 5.

On January 30, 2017, Magistrate Judge Michael Aloi conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate. However, because Plaintiff had paid the filing fee and was not proceeding *in forma*

---

[1] 403 U.S. 288 (1971).

pauperis, he was responsible for obtaining service of process on his own, and accordingly, Plaintiff was made aware of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.[2] Summonses were issued and sent to Plaintiff for service. ECF No. 7.

On February 27, 2017, Plaintiff returned the summonses as executed and noted on each that he had personally served the Defendants as well as the United States Attorney General and Helen Altmeyer for the United States Attorney. ECF No. 9. On April 3, 2017, Plaintiff filed a Motion for Extension of Time to Serve Defendants in combination with a Motion for Marshal to Execute Service on his behalf. ECF No. 10. He attached the envelopes for Defendants Perdue, Savage, Gherke and Fikes, which had been returned to him, marked RETURN TO SENDER/REFUSED/UNABLE TO FORWARD. In support of his motion, Plaintiff noted that as an inmate, he is not permitted to have the home addresses of government employees or contract employees of the BOP.

On June 30, 2017, Tara Tighe, Assistant United States Attorney, appeared specially and for the limited and exclusive purpose of alerting the Court that Plaintiff had failed to timely and properly serve this lawsuit, and without waiving any other prospective affirmative defenses, filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)  for  failure to serve  E. Anderson, J. Fikes, C. Gherke,  R. A. Perdue,  T. Savage and  M.  Weaver. As correctly noted by AUSA Tighe, Plaintiff had failed to serve his lawsuit upon the individual defendants or the United States in any manner authorized by the Federal Rules of Civil Procedure or West Virginia State law.

---

[2] Magistrate Judge Aloi inadvertently referred to an outdated version of Rule 4(m) and mistakenly advised Plaintiff that service must be completed in 120 days instead of 90 days.

While 28 U.S.C. 1915 (D) provides that "officers of the court shall issue and serve all process…" that provision is only applicable in cases where the Plaintiff is proceeding *in forma pauperis.* Accordingly, before ruling on the motion to dismiss, the court advised Plaintiff that he was responsible for serving the summons himself because he was not proceeding in forma pauperis. However, the Court recognized that his incarceration rendered it difficult, if not impossible, to serve the Defendants. Therefore, the Court granted the Plaintiff's Motion for a Court Order for Service by the United States Marshal. However, the Court could not direct service by the Marshal on Fikes, Gherke, Savage and Perdue, because they were no longer employed at FCI Gilmore. Therefore, the Plaintiff was provided an additional 30 days to provide an address for each of these defendants. In addition, although Plaintiff did not request the same, the Court provided for personal service by the Marshal on Defendants Anderson and Weaver, but only after plaintiff tendered to the US Marshal's Service a treasury check or money order in the amount of $589. Finally, the Court granted Plaintiff's motion for an extension of time and established December 19, 2017, as the date by which service must be accomplished. Plaintiff was forewarned that failure to accomplish proper service on any Defendant by that date would result in a recommendation that the instant complaint be dismissed without prejudice against said Defendant. ECF No. 16.

On October 2, 2017, Plaintiff provided a physical address for Christina Gherke and acknowledged that he had been unable to locate an address for Fikes, Savage and Perdue. In addition, Plaintiff asserted that he had requested that $589 be deducted from his inmate account and forwarded to the United States Marshals Service. ECF No. 20. Thereafter, a summons was issued as to C. Gherke, and forwarded to the United States

Marshals service for execution [ECF No. 22], and Plaintiff was notified that he must

send an additional payment of $74.20 for service by the Marshal on C. Gherke. ECF

No. 24. Plaintiff was again warned that failure to accomplish proper service on any

Defendant by December 19, 2017, would result in a recommendation that the instant

complaint be dismissed without prejudice against said Defendant. *Id.*

Thereafter, full payment was received by the Marshal Service and M. Weaver

and E. Anderson were served on November 21, 2017 [ECF Nos. 27, 28], and C. Gherke

was served on November 30, 2017. Accordingly, those Defendants were served well in

advance of the December 19, 2017, deadline established by the Court.

Rule 4m provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the
> court – on motion or on its own after notice to the plaintiff – must dismiss
> the action without prejudice against that defendant or order that service be
> made within a specified time.

Here, Plaintiff responded promptly to the Motion to Dismiss and to the

subsequent Orders entered by the Court with respect to providing addresses and

payment for personal service by the United States Marshal. The Court does not believe

that the three defendants that have been served have been prejudiced by the delay in

service, and service was accomplished within the extended deadline established on

August 31, 2017.


Therefore, it is hereby **RECOMMENDED** that the Motion to Dismiss [ECF No.12]

be **GRANTED in part and Denied in part**. More specifically, the undersigned

recommends that the Motion be **GRANTED** with respect to Mr. J. Fikes, Dr. T. Savage

and Warden R.A. Perdue, and the Plaintiff's complaint be **DISMISSED WITHOUT**

**PREJUDICE** as to those Defendants. The undersigned further recommends that the Motion be **DENIED** with respect to Dr. E. Anderson, P.A. Gherke and Dr. T. Savage, for whom summonses were returned executed by the United States Marshal Service prior to the December 19, 2017 deadline. The undersigned also recommends that Plaintiff's Motion for Court to Take Judicial Notice [ECF No. 26] be **DENIED AS MOOT**, because the Marshal Service received the entire $663.20 required to execute service on Dr. Anderson, Dr. Savage and C. Gherke. Finally, the undersigned recommends upon adoption of this Report and Recommendation, the Clerk of Court be **DIRECTED** to issue a summons for the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States and serve a copy of the summons and complaint upon those parties by certified mail, return receipt requested.

Within 14 days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown on the docket sheet  and to counsel of record via electronic means.

DATED: December 27, 2017.

*/s. James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE