IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINWOOD LAMONT JONES,**

    **Plaintiff,**

v.                                Civil Action No.  1:16cv212
                                               (Judge Keeley)

**MR. J. FIKES,** individually and official capacity**; Mr. M. WEAVER,** individually and official capacity**; DR. E. ANDERSON,** individually and official capacity**; PA C. GHERKE**, individually and official capacity aka Gherky; **Dr. T. SAVAGE**, individually and official capacity; **WARDEN R. A. PERDUE**, individually and official capacity,

    **Defendants.**

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff initiated this *pro se* civil action on November 6, 2016, by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation*.[2] Plaintiff's complaint involves allegations regarding his medical care at FCI Gilmore for spinal stenosis.

---

[1] The purpose of this Amended Report and Recommendation is to correct the transposing of references to M. Weaver and T. Savage on page five of the original Report and Recommendation. More specifically, this Amended Report and Recommendation is entered to reflect that the Motion to Dismiss [ECF No. 12] should be denied as to Dr. E. Anderson, P.A. C. Gherke and **Mr. M. Weaver** as opposed to Dr. E. Anderson, P.A. C. Gherke, and **Dr. T. Savage**. Likewise, the Plaintiff's Motion [ECF No. 26] should be denied as moot because the Marshal Service received the necessary funds to execute service on Dr. E. Anderson, P.A. C. Gherke and **Mr. M. Weaver** and not Dr. Anderson, **Dr. Savage** and C. Gherke.
[2] 403 U.S. 288 (1971).

Because Plaintiff did not file a Motion for Leave to Proceed *in forma pauperis*, or pay the $400 filing fee, the Clerk of Court sent him a Notice of Deficient Pleading. ECF No. 3. On December 12, 2016, Plaintiff paid the 400 filing fee. ECF No. 5.

On January 30, 2017, Magistrate Judge Michael Aloi conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate. However, because Plaintiff had paid the filing fee and was not proceeding *in forma pauperis*, he was responsible for obtaining service of process on his own, and accordingly, Plaintiff was made aware of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.[3] Summonses were issued and sent to Plaintiff for service. ECF No. 7.

On February 27, 2017, Plaintiff returned the summonses as executed and noted on each that he had personally served the Defendants as well as the United States Attorney General and Helen Altmeyer for the United States Attorney. ECF No. 9. On April 3, 2017, Plaintiff filed a Motion for Extension of Time to Serve Defendants in combination with a Motion for Marshal to Execute Service on his behalf. ECF No. 10. He attached the envelopes for Defendants Perdue, Savage, Gherke and Fikes, which had been returned to him, marked RETURN TO SENDER/REFUSED/UNABLE TO FORWARD. In support of his motion, Plaintiff noted that as an inmate, he is not permitted to have the home addresses of government employees or contract employees of the BOP.

On June 30, 2017, Tara Tighe, Assistant United States Attorney, appeared specially and for the limited and exclusive purpose of alerting the Court that Plaintiff had

---

[3] Magistrate Judge Aloi inadvertently referred to an outdated version of Rule 4(m) and mistakenly advised Plaintiff that service must be completed in 120 days instead of 90 days.

2

failed to timely and properly serve this lawsuit, and without waiving any other prospective affirmative defenses, filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve E. Anderson, J. Fikes, C. Gherke, R. A. Perdue, T. Savage and M. Weaver. As correctly noted by AUSA Tighe, Plaintiff had failed to serve his lawsuit upon the individual defendants or the United States in any manner authorized by the Federal Rules of Civil Procedure or West Virginia State law.

While 28 U.S.C. 1915(d) provides that "officers of the court shall issue and serve all process…" that provision is only applicable in cases where the Plaintiff is proceeding *in forma pauperis.* Accordingly, before ruling on the motion to dismiss, the court advised Plaintiff that he was responsible for serving the summons himself because he was not proceeding in forma pauperis. However, the Court recognized that his incarceration rendered it difficult, if not impossible, to serve the Defendants. Therefore, the Court granted the Plaintiff's Motion for a Court Order for Service by the United States Marshal. However, the Court could not direct service by the Marshal on Fikes, Gherke, Savage and Perdue, because they were no longer employed at FCI Gilmore. Therefore, the Plaintiff was provided an additional 30 days to provide an address for each of these defendants. In addition, although Plaintiff did not request the same, the Court provided for personal service by the Marshal on Defendants Anderson and Weaver, but only after plaintiff tendered to the US Marshal's Service a treasury check or money order in the amount of $589. Finally, the Court granted Plaintiff's motion for an extension of time and established December 19, 2017, as the date by which service must be accomplished. Plaintiff was forewarned that failure to accomplish proper service on any Defendant by

that date would result in a recommendation that the instant complaint be dismissed without prejudice against said Defendant. ECF No. 16.

On October 2, 2017, Plaintiff provided a physical address for C. Gherke and acknowledged that he had been unable to locate an address for J.Fikes, T.Savage and R.A. Perdue. In addition, Plaintiff asserted that he had requested that $589 be deducted from his inmate account and forwarded to the United States Marshals Service. ECF No. 20. Thereafter, a summons was issued as to C. Gherke, and forwarded to the United States Marshals service for execution [ECF No. 22], and Plaintiff was notified that he must send an additional payment of $74.20 for service by the Marshal on C. Gherke. ECF No. 24. Plaintiff was again warned that failure to accomplish proper service on any Defendant by December 19, 2017, would result in a recommendation that the instant complaint be dismissed without prejudice against said Defendant. *Id.*

Thereafter, full payment was received by the Marshal Service and M. Weaver and E. Anderson were served on November 21, 2017 [ECF Nos. 27, 28], and C. Gherke was served on November 30, 2017.ECF No. 29. Accordingly, those Defendants were served well in advance of the December 19, 2017, deadline established by the Court.

Rule 4m provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Here, Plaintiff responded promptly to the Motion to Dismiss and to the subsequent Orders entered by the Court with respect to providing addresses and payment for personal service by the United States Marshal. The Court does not believe that the three defendants that have been served have been prejudiced by the delay in

4

service, and service was accomplished within the extended deadline established on August 31, 2017.

Therefore, it is hereby **RECOMMENDED** that the Motion to Dismiss [ECF No.12] be **GRANTED in part and Denied in part**. More specifically, the undersigned recommends that the Motion be **GRANTED** with respect to Mr. J. Fikes, Dr. T. Savage and Warden R.A. Perdue, and the Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as to those Defendants. The undersigned further recommends that the Motion be **DENIED** with respect to Dr. E. Anderson, P.A. C. Gherke and Mr. M. Weaver, for whom summonses were returned executed by the United States Marshal Service prior to the December 19, 2017 deadline. The undersigned also recommends that Plaintiff's Motion for Court to Take Judicial Notice [ECF No. 26] be **DENIED AS MOOT**, because the Marshal Service received the entire $663.20 required to execute service on Dr. E. Anderson, P.A. C. Gherke and Mr. M. Weaver. Finally, the undersigned recommends upon adoption of this Report and Recommendation, the Clerk of Court be **DIRECTED** to issue a summons for the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States and serve a copy of the summons and complaint upon those parties by certified mail, return receipt requested.

Within 14 days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this

court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown on the docket sheet  and to counsel of record via electronic means.

DATED: January 4, 2018.

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE