IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINWOOD LAMONT JONES,

        Plaintiff,

v.                        Civil Action No. 1:16cv212
                                 (Judge Keeley)

MR. J. FIKES, individually and
official capacity; MR. M. WEAVER,
individually and official capacity;
DR. E. ANDERSON, individually and
official capacity; PA C. GHERKE,
individually and official capacity aka
Gherky; DR. T. SAVAGE, individually
and official capacity; WARDEN R. A.
PERDUE, individually and official
capacity,

        Defendants.

ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 31],
GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 12], AND DENYING AS MOOT PLAINTIFF'S
MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 26]

On November 7, 2016, the pro se plaintiff, Linwood Lamont
Jones ("Jones"), filed a Bivens[1] action against multiple employees
at FCI Gilmore (Dkt. No. 1), alleging that the defendants failed to
provide appropriate medical treatment for his spinal stenosis. Id.
Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred
the action to United States Magistrate Judge Michael J. Aloi for
initial review. On August 3, 2017, the defendants moved to dismiss
Jones' complaint for lack of proper service under Federal Rule of
Civil Procedure 12(b)(5) (Dkt. No. 12).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
403 U.S. 388, 390 (1971).

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 31],
GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 12], AND DENYING AS MOOT PLAINTIFF'S
MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 26]**

On January 4, 2018, Magistrate Judge James E. Seibert entered an Amended Report and Recommendation ("R&R"),[2] recommending that the Court grant in part and deny in part the defendants' motion to dismiss (Dkt. No. 31). Judge Seibert concluded that, despite earlier procedural miscues, Jones had properly served defendants Dr. E. Anderson ("Anderson"), PA C. Gherke ("Gherke"), and Mr. M. Weaver ("Weaver") in advance of the extended deadline for service established by the Court. Id. at 3-5. Judge Seibert further concluded, however, that Jones had failed to accomplish proper service on defendants Mr. J. Fikes ("Fikes"), Dr. T. Savage ("Savage"), and Warden R. A. Perdue ("Perdue") by the Court's deadline. Id. at 4.

The R&R also informed the parties of their right to file "written objections, identifying those portions of the recommendation to which objection is made and the basis for such objections." Id. at 5. It further warned them that failure to do so may result in waiver of the right to appeal. Id. at 5-6. No party has filed any objections to the R&R.

---

[2] On September 15, 2017, the referral in this case was reassigned to Magistrate Judge James E. Seibert. On December 27, 2017, Judge Seibert entered a Report and Recommendation recommending that the Court grant in part and deny in part the defendants' motion to dismiss (Dkt. No. 30). On January 4, 2018, Judge Seibert entered an Amended Report and Recommendation, correcting an inadvertent transposing of two defendants' names on page five of the original R&R (Dkt. No. 31 at 1 n.1).

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 31], GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 12], AND DENYING AS MOOT PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 26]**

When reviewing a magistrate judge's R&R, the Court must review _de novo_ only those portions of the R&R to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a _de novo_ review. Dellacirprete, 479 F. Supp. at 603-04. Upon Review of the R&R and the record for clear error, the Court:

1.  **ADOPTS** the Amended R&R (Dkt. No. 31);

2.  **GRANTS in PART** the defendants' Motion to Dismiss as to defendants Fikes, Savage, and Perdue (Dkt. No. 12) and **DISMISSES** Jones' complaint **WITHOUT PREJUDICE** as to these defendants (Dkt. No. 1);

3.  **DENIES in PART** the defendants' Motion to Dismiss as to defendants Anderson, Gherke, and Weaver (Dkt. No. 12);

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 31], GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 12], AND DENYING AS MOOT PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE [DKT. NO. 26]**

4.  **DENIES as MOOT** Jones' Motion for the Court to Take Judicial Notice (Dkt. No. 26);

5.  **DIRECTS** the Clerk to **TERMINATE as MOOT** the original R&R (Dkt. No. 30); and

6.  **DIRECTS** the Clerk to issue a summons for the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States, and to serve a copy of the summons and complaint upon those parties by certified mail, return receipt requested.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested.

DATED: March 2, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE