IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINWOOD LAMONT JONES,**

    **Plaintiff,**

v.                                        Civ. Action No. 1:16-CV-212
                                                                (Kleeh)

**MR. M. WEAVER,**
**DR. E. ANDERSON, and**
**PA C. GHERKE,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. In the R&R, Judge Aloi recommends that the Court grant the Defendants' Motion to Dismiss, deny the Plaintiff's Motion for Discovery, and deny and dismiss the Plaintiff's Complaint. For the reasons discussed below, the Court adopts the R&R.

## I. BACKGROUND

The Plaintiff, Linwood Lamont Jones ("Plaintiff"), was incarcerated at the Federal Correctional Institution Gilmer ("FCI Gilmer") in West Virginia from August 28, 2009, to May 5, 2015, at which time he was transferred to the Federal Medical Center Lexington ("FMC Lexington") in Kentucky. ECF No. 43-1 at 1. He

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

originally brought this Bivens[1] action against six defendants at FCI Gilmer.[2] The Court dismissed three defendants in an earlier ruling, and only three defendants remain: Dr. E. Anderson ("Anderson"), PA C. Gherke ("Gherke"), and Mr. M. Weaver ("Weaver") (together, "Defendants"). ECF No. 34. He brings five causes of action: (1) "[d]enial and delay of meidcal [sic] care in the most effective manner"; (2) negligence; (3) malpractice; (4) deliberate indifference to his serious medical needs; and (5) "wanton infliction of crel [sic] and unusual punishment." ECF No. 1 at 7–14. He alleges violations of his rights under 5th, 8th, and 14th Amendments to the United States Constitution. Id. at 12.

Plaintiff claims that he suffers from spinal stenosis, and because of a misdiagnosis, he did not receive an emergency surgery when he needed it. Id. at 14. Now he is paralyzed and suffers from atrophy and neuropathy. Id. Plaintiff requests the following relief: a jury trial on punitive damages; $1,000,000.00 per defendant for exemplary and compensatory damages; retraining of

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
[2] The original defendants were J. Fikes (Camp Administrator), Mr. M. Weaver (Health Services Administrator), Dr. E. Anderson (General Practitioner, Medical Doctor), PA C. Gherke (Physician's Assistant), Dr. T. Savage (General Practitioner), and Mr. R. A. Perdue (Warden). ECF No. 1.

JONES V. FIKES                                                1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

all involved staff; and an investigation into the medical care at the Bureau of Prisons ("BOP").

The R&R includes a very detailed summary of the "Factual History" in this case, which the Court, for the sake of brevity, incorporates by reference. ECF No. 57 at 3-20. Defendants filed the pending Motion to Dismiss on May 7, 2018. ECF No. 42. Plaintiff filed a Response and, within that Response, a Motion for Discovery. ECF No. 49. Judge Aloi entered his R&R on March 12, 2019, and Plaintiff's objections were filed on May 14, 2019. ECF Nos. 57, 64.

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

Here, the R&R stated that parties had 14 days to object to it. ECF No. 57 at 39. Plaintiff received the R&R on April 1, 2019. ECF No. 60. After the Court granted an extension for Plaintiff to file objections, he did so on May 14, 2019. ECF No. 64. Specifically, Plaintiff objected to Judge Aloi's findings regarding Plaintiff's failure to exhaust administrative remedies; the applicability of the statute of limitations; and the dismissal of claims against Weaver. He also objected to a number of instances in which Judge Aloi allegedly made findings without citing to the record. Accordingly, the Court will conduct a de novo review of the Motion to Dismiss. Plaintiff's Complaint will be liberally construed because he is proceeding pro se. See Estelle v. Gamble, 429 U.S. 97 (1976).

**A.    Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept

JONES V. FIKES                                                    1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). "[T]he Court may consider documents attached to the Complaint, as well as those attached to the motion to dismiss, 'so long as they are integral to the complaint and authentic.'" Richardson v. Williams, No. 3:14-cv-129, 2015 WL 3937004, at *3 (N.D.W. Va. June 26, 2015) (quoting Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007), aff'd, 627 F. App'x 279 (4th Cir. 2016)).

**B.  Summary Judgment**

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the

JONES V. FIKES                                                      1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of her case with respect to which he has the burden of proof." Id. at 322. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 US. 574, 587 (1986).

### III. DISCUSSION

Judge Aloi recommends that the Court grant the Motion to Dismiss for multiple reasons: Plaintiff failed to exhaust his administrative remedies; the statute of limitations had expired; and Plaintiff has not sufficiently pled a deliberate indifference claim. He also recommends that Weaver be dismissed as a defendant because Plaintiff has not cited any specific factual allegations against him.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

**A.   Failure to Exhaust**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). A Bivens action is subject to this requirement. Porter v. Nussle, 534 U.S. 516, 524 (2002). The PLRA's exhaustion requirement serves three purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "afford[] corrections officials time and opportunity to address complaints internally before the initiation of a federal lawsuit"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "For Bivens purposes, proper exhaustion of available administrative remedies requires that 'a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require.'" West v. United States, No. 5:17-cv-04241, 2018 WL 3384909, at *6 (S.D.W. Va. June 13, 2018) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

In Ross v. Blake, the Supreme Court of the United States made it clear that exhaustion is a mandatory, statutory requirement and rejected the "special circumstance" exception to the PLRA. 136 S. Ct. 1850, 1855–57 (2016) (rejecting the former "freewheeling

JONES V. FIKES                                                1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

approach to exhaustion as inconsistent with the PLRA"). Exhaustion has only one exception: unavailability. Id. at 1852.

The Ross Court delineated three situations in which administrative remedies are deemed unavailable and exhaustion is not required: (1) when the administrative procedure "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is so opaque that it becomes "incapable of use" and "no ordinary prisoner can navigate it"; and (3) "when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." Id. at 1853–54. An administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" Id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). "Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that administrative remedies were unavailable falls to the plaintiff." Creel v. Hudson, No. 2:14-cv-10648, 2017 WL 4004579, at *4 (S.D.W. Va. Sept. 12, 2017).

The BOP has established a three-tiered Administrative Remedy Procedure in Title 28 of the Code of Federal Regulations for the formal review of complaints filed by inmates relating to the conditions of their confinement. Plaintiff does not object to

JONES V. FIKES                                                    1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

Defendants' reiteration of the administrative procedure or Judge Aloi's reiteration of it in the R&R. See ECF No. 64 at 3 ("The Magistrate Judge, and the Defendants have adequately stated the Administrative Remedy process offered by the BOP."). Most relevant here, an inmate must present his administrative claim within twenty (20) days of the alleged conduct unless he reasonably explains his delay. 28 C.F.R. § 542.14. An inmate must also appeal his grievance through all levels of the BOP administrative grievance process, including a final appeal to the BOP General Counsel. Id. §§ 542.14-15.

Here, Plaintiff has failed to exhaust his administrative remedies. His allegations involve events that occurred (or failed to occur) at FCI Gilmer. Plaintiff cites grievance #827820 as the grievance pertaining to his Complaint, but he did not sign #827820 until July 5, 2015 — two months after he left FCI Gilmer and had arrived at FCI Lexington. ECF No. 1-1 at 1. Therefore, under 28 C.F.R. § 542.14, his grievance is untimely because it was filed over twenty (20) days after any alleged conduct at FCI Gilmer could have taken place. All of his other grievances were procedurally deficient. See ECF No. 43-1 at 828-33. None of his other grievances were appealed through all levels of the BOP administrative grievance process as required under 28 U.S.C. §§ 542.14-15.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

Plaintiff does not dispute Defendants' contention that he failed to exhaust his administrative remedies. Rather, he argues that Ross applies to his case and that his administrative remedies were unavailable to him. He argues in his Response that Defendants "created an atmosphere, (machination) and intimidation that thwarts the efforts of less skillful inmates such as the Plaintiff." ECF No. 49 at 7. In his objections, he writes that "access to that procedure is much more difficult that [sic] meets the eye." ECF No. 64 at 3. He argues that the procedures were a dead end and that he could not discern or navigate the process because he received no guidance. Id.

Plaintiff's bare allegations that administrative remedies were unavailable are insufficient evidence that one of Ross's limited exceptions should apply here. See Salazar v. Holder, No. 3:14-CV-23, 2015 WL 574800, at *5 (N.D.W. Va. Feb. 11, 2015) (finding that "naked assertions without any specificity or evidentiary support" were insufficient to overcome dismissal). Plaintiff has alleged no specific factual allegations to indicate that the administrative remedy procedure was a dead end, that he could not navigate it, or that prison administrators engaged in machination, misrepresentation, or intimidation. Therefore, the Complaint must be dismissed for failure to exhaust the

JONES V. FIKES                                                1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

administrative grievance process.

**B.    Statute of Limitations**

The applicable statute of limitations for a Bivens action is the same as it is for a personal injury action in the relevant state. See Noll v. Getty, No. 92-6402, 1993 WL 211619, at *2 n.2 (4th Cir. June 17, 1993); see also Givens v. Williams, No. 1:15CV111, 2017 WL 1173927, at *4 (N.D.W. Va. Mar. 29, 2017). Thus, here, West Virginia's statute of limitations for personal injury actions applies. In West Virginia, an action must be brought "within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" W. Va. Code § 55-2-12(b). A cause of action under federal law "accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995). In other words, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice — e.g., by the knowledge of the fact of injury and who caused it — to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Id.

In certain circumstances, the Court can equitably toll the statute of limitations while a federal inmate exhausts his

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY [ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

administrative remedies. Young v. Thompson, No. 2:10-cv-66, 2011 WL 3297493, at *4 (N.D.W. Va. July 29, 2011). The Court will apply equitable tolling in "two circumstances: (1) when the plaintiff is prevented from asserting his claim due to wrongful conduct by the defendant; and (2) when there are extraordinary circumstances beyond the plaintiff's control that made it impossible to timely file the claim(s)." Bailey v. Ice, No. 5:17CV102, 2018 WL 4443912, at *3 (N.D.W. Va. Sept. 18, 2018) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

This Court has found that equitable tolling did not apply after noting that "the plaintiff has failed to demonstrate that he pursued his rights diligently, or has presented facts to show that anyone or anything caused him to miss the applicable deadline, or that there was any extraordinary circumstance sufficient to support his argument that the limitations period should be equitably tolled." Id. at *4. As Defendants noted here, "equity aids the vigilant and not those who slumber on their rights." Kansas v. Colorado, 514 U.S. 673, 687 (1995).

Here, Plaintiff filed this lawsuit on November 7, 2016. ECF No. 1. Therefore, unless equitable tolling applies, he can only assert causes of action that accrued on or after November 7, 2014. See W. Va. Code § 55-2-12(b). His claim centers around his lack of

JONES V. FIKES                                              1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

medical care for his spinal stenosis. In the Complaint, Plaintiff mentions pain in his back and arm in July 2012. ECF No. 1 at 8. He "still had not received any treatment" by October 2012, when he complained again. Id. Plaintiff also attached to his Response a grievance describing a medical visit with Anderson on June 27, 2013. ECF No. 49-2 at 2. The grievance states that Anderson was rude to Plaintiff during the visit, telling Plaintiff that he needed to "get his brain examined" before Anderson could help him. Id. Under this timeline, the Court finds that Plaintiff knew, at the latest, on June 27, 2013, that he had a serious medical condition and believed at that time that his treatment (or lack thereof) was improper. As such, the statute of limitations for this cause of action, if no equitable tolling occurs, began to run on June 27, 2013, at the latest. Without equitable tolling, the statute of limitations for Plaintiff's civil action expired on June 27, 2015 – before he filed suit.

The Court agrees with Defendants that Plaintiff has failed to diligently pursue his claims, and the statute of limitations should not be tolled. The Complaint form required Plaintiff to identify the administrative grievance procedure numbers that he used to address the claims in this lawsuit, and he identified only #827820. He is not entitled to equitable tolling for grievance #827820,

JONES V. FIKES                                               1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

which was untimely filed. As discussed above, all of his other grievances were procedurally deficient. See ECF No. 43-1 at 828–33. None of his other grievances were appealed through all levels of the BOP administrative grievance process as required under 28 U.S.C. §§ 542.14–15, and they are not listed as grievances addressing this lawsuit.

Plaintiff did not pursue any grievances between November 2011 and September 2013. ECF No. 43-1 at 830. He did not pursue any grievances between October 2013 and January 2015. Id. at 832–33. Finally, he filed this lawsuit more than one year after the BOP denied grievance #827820-A1. Id. at 835. He has not alleged any extraordinary circumstances or specific facts indicating how Defendants thwarted his efforts to pursue his claims. For those reasons, Plaintiff is not entitled to equitable tolling of the statute of limitations, and his Complaint must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the Court finds it unnecessary to analyze whether Weaver should be dismissed as a defendant or whether Plaintiff's deliberate indifference claim is sufficiently pled. In light of the analysis above, Plaintiff has not established

JONES V. FIKES                                                1:16-CV-212

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 57], OVERRULING PLAINTIFF'S
OBJECTIONS [ECF NO. 64], DENYING MOTION FOR DISCOVERY
[ECF NO. 49], AND GRANTING MOTION TO DISMISS [ECF NO. 42]**

that he is entitled to discovery.³ Because Plaintiff failed to exhaust his administrative remedies and failed to timely file his lawsuit, the Court **ORDERS** the following:

- The R&R is **ADOPTED** [ECF No. 57];

- Plaintiff's objections are **OVERRULED** [ECF No. 64];

- Defendants' Motion to Dismiss is **GRANTED** [ECF No. 42];

- Plaintiff's Motion for Discovery is **DENIED** [ECF No. 49]; and

- The Complaint is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the pro se Plaintiff, via certified mail, return receipt requested.

DATED: July 11, 2019

*Tom S Kleeh*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

³ See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244-45 (4th Cir. 2002) (writing that a party requesting discovery to oppose summary judgment must establish how discovery is essential to doing so).